UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GLENN D. ODOM, II, | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 2:12-cv-00251-JMS-MJD |
| PRISON HEALTH SERVICES, | ) |
| JOHN DALLAS, | ) |
| DR. TALENS doctor, | ) |
| NURSE FLINER Nurse, | ) |
| KIM GREY, | ) |
| | ) |
|                 Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

Plaintiff Glen Odom, a Kentucky State prisoner, filed this civil action alleging that he was denied constitutionally adequate medical care while confined at the Wabash Valley Correctional Facility, an Indiana state prison, in violation of the Eighth Amendment. He also alleges state law claims.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson*, 551 U.S. at 93 (per curiam) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Applying the standard set forth above, claims against the **Prison Health Services (PHS) must be dismissed** because there is no allegation that PHS has a custom or policy of rendering inadequate medical care to prison inmates and because the doctrine of *respondeat superior* is not a viable theory of recovery under the circumstances of this case. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009).

**John Dallas is dismissed** as a defendant because there is no allegation of wrongdoing on his part to support either a constitutional violation or a state law claim of negligent or intentional infliction of emotional distress. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution). To the extent this defendant is included as a defendant because of his supervisory position, this position alone is not adequate to support the imposition of liability. *See West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of respondeat superior is not available to a plaintiff in a section 1983 suit").

The **claims for injunctive relief are dismissed as moot** because the plaintiff is no longer incarcerated at the Wabash Valley Correctional Facility or under the care of the defendants. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992)("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed," for federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (internal quotation marks omitted); *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same).

## II.

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

The claims against Dr. Talens, Nurse Fliner, and Kim Grey (in their individual capacities for money damages) shall proceed. The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue and serve process on these defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 10/05/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Glenn D. Odom, II
219489
K.S.P
7-B #8
266 Water Street
Eddyville, KY 42039

Dr. Talens
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle , IN 47838

Nurse Fliner
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle , IN 47838

Kim Grey
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle , IN 47838

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.