UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GLENN D. ODOM, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:12-cv-00251-JMS-MJD |
| | ) |
| DR. TALENS doctor, | ) |
| NURSE FLINER Nurse, | ) |
| KIM GREY, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Request for a Writ of Habeas Corpus**

In a twist on his earlier request for an order directing his custodian to transport him to a doctor's office, the plaintiff, a Kentucky prisoner, now seeks an order directing the United States Marshal to transport him to an orthopedic hand specialist for examination. The plaintiff hopes to use the testimony of the specialist as evidence in support of his Eighth Amendment deliberate indifference claim. The plaintiff argues that the All Writs Act, 28 U.S.C. § 1651(a), gives this court the authority to order his release to the Marshal's Service for any reason.

Section 1651(a), the All Writs Act, which states that through such jurisdiction the court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  This does not mean, as the plaintiff suggests that this Court can order his release to the Marshal's Service for any reason. As the plaintiff points out his request is for a writ of habeas corpus. A writ of habeas corpus must be "directed to the person in whose custody the party is detained." 28 U.S.C. § 2243. Thus, this statute deprives the Court of any power to require the Marshals Service to perform that task. *See Ivey v. Harney*, 47 F.3d 181,

184 (7th Cir. 1995). For example, in *Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34 (1985), the Supreme Court held that the All Writs Act does not authorize a district court to order United States marshals to transport state prisoners from state prisons to federal court houses in the ordinary course of litigation in federal courts. Instead, the court held that such a writ must be directed to the plaintiff's custodian. The Supreme Court explained, Section 1651, the All Writs Act:

> is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

474 U.S. at 43. In other words, a court may not employ § 1651(a) to evade the limitations imposed by the habeas statutes such as § 2243. *See Jones v. Lilly*, 37 F.3d 964 (3d Cir. 1994).

In addition, the plaintiff's request is not agreeable to the usages and principles of law. This Court could not find any authority (at common law or otherwise) to support the plaintiff's position that this Court can order the State of Kentucky to release the plaintiff to the U.S. Marshal, and then order the U.S. Marshal to transport the plaintiff to a doctor's office for examination for the purpose of collecting evidence for use in civil litigation. Accordingly, the motion for writ of habeas corpus [dkt. 73] is **denied.**

**IT IS SO ORDERED.**

Date: 09/13/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel